IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01588-CMA-MEH

NORTEL NETWORKS INC., and
NORTEL NETWORKS INC., in its capacity as Plan Sponsor and a Fiduciary of the
Nortel Networks Long-Term Investment Plan and the Nortel Networks Retirement
Income Plan,

    Plaintiffs and Counterclaim Defendants,

v.

BRUCE TRAEGDE, Conservator and Guardian of the Minors E. Durgan and
   A. Durgan, and
PATRICIA TRAEGDE, Conservator and Guardian of the Minors E. Durgan and
   A. Durgan,

    Defendants, Counter Claimants and Third Party Plaintiffs;

PAMELA J. DOMINGUEZ,

    Defendant,

v.

NORTEL NETWORKS, INC. RETIREMENT INCOME PLAN,
NORTEL NETWORKS LONG-TERM INVESTMENT PLAN,

    Third-Party Defendants.

PENSION BENEFIT GUARANTY CORPORATION,

    Interested Party.

_____

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY**
_____

    This matter is before the Court on a Renewed Suggestion of Bankruptcy and

Motion to Stay All Proceedings (Doc. # 64), filed by Nortel Networks Inc. on its behalf

and in its capacity as Plan Sponsor and a Fiduciary of the Nortel Long-Term Investment

Plan (collectively referred to as "Nortel"). For the reasons stated below, the Court GRANTS Plaintiffs' Motion to Stay.

## I. BACKGROUND

This matter arises out of an interpleader action filed by Plaintiffs to determine the beneficiaries of certain benefits, which include the account balance under a Nortel Networks Long-Term Investment Plan ("401(k) Plan"),[1] previously held by James Glenn Durgan, now deceased. Defendants Bruce and Patricia Traegde, as appointed Conservator and/or Guardians of Mr. Durgan's minor children, assert an interest in the benefits.

On January 14, 2009, Nortel filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware.[2]

On July 6, 2009, Nortel filed an interpleader action requesting that (1) all potential claimants to the account balance of Mr. Durgan's 401(k) Plan assert their claims, (2) the Court determine the beneficiary of those benefits, and (3) Nortel and the 401(k) Plan be dismissed from all liability with regard to those benefits. (Doc. # 1.)

On August 20, 2009, the Traegdes filed an Answer, Counterclaim, and Third-Party Complaint.[3] (Doc. # 15.) The Traegdes assert the following counterclaims against Nortel: (1) recovery of pension benefits, (2) recovery of the 401(k) account

---

[1] Nortel Networks Inc. is the sponsor and fiduciary of the 401(k) Plan. Mr. Durgan became employed by Nortel on May 1, 1989, and was a participant in the 401(k) Plan until his death on July 11, 2008, at which time he was fully vested.

[2] Nortel did not disclose the bankruptcy proceeding to the Court until January 15, 2010. (Doc. # 54.)

[3] Defendants re-filed their Answer on August 26, 2009, to properly name certain parties. (Doc. # 17.)

2

balance, (3) recovery of life insurance benefits, (4) breach of fiduciary duties, (5) equitable relief, and (6) attorney fees and costs. (Doc. # 17, ¶¶ 48-79.) On October 7, 2009, Nortel filed an Answer and Defenses to the Traegdes' Counterclaims and Third-Party Complaint. (Doc. # 28.)

On December 18, 2009, the parties entered into a joint stipulation regarding the distribution of the 401(k) Plan account balance. (Doc. ## 48 and 49.) The parties stipulated that Mr. Durgan's minor children are entitled to the account balance under the 401(k) Plan after the deduction of an outstanding loan.[4] The Traegdes also agreed in this stipulation to dismiss their Second and Fifth Counterclaims, for recovery of the 401(k) account balance and equitable relief, respectively, but retained all other existing counterclaims and claims that may be available to them. (Doc. # 49 at 7.)

On January 15, 2010, Nortel filed a Suggestion of Bankruptcy and Applicability of the Automatic Stay Under 11 U.S.C. § 362. (Doc. # 54.) On January 28, 2010, Defendants filed a Memorandum of Law Opposing Application of the Automatic Stay Under 11 U.S.C. § 362. (Doc. # 55.) Defendants contend that a stay is not warranted because: (1) the remaining counterclaims are beyond the scope of reasonable application of 11 U.S.C. § 362, (2) this Court has jurisdiction over the counterclaims, (3) the trusteeship of the Pension Benefit Guaranty Corporation ("PBGC")[5] over Nortel's Pension Plan weighs against the invocation of a stay, and (4) that Nortel, as debtor,

---

[4] In October 2005, Mr. Durgan took a loan of $40,067.00 against his 401(k) Plan and was making subsequent monthly repayments on the loan. At the time of his death, the remaining balance was $19,797.83. (Doc. # 49 at 3-4.)

[5] The Pension plan was terminated July 17, 2009, by PBGC, which is now the statutory trustee of the plan and makes benefit determinations. (Doc. # 28 at 2.)

should not be permitted to invoke the stay merely because it is advantageous. (Doc. # 55 at 5-8.)

On May 5, 2010, Nortel filed a Renewed Suggestion of Bankruptcy and Motion to Stay All Proceedings. (Doc. # 64.) On May 19, 2010, Defendants filed an Opposition to the Motion to Stay All Proceedings. (Doc. # 66.) On June 7, 2010, Plaintiffs filed a Reply Memorandum in Support of their Renewed Suggestion of Bankruptcy and Motion to Stay All Proceedings. (Doc. # 68.)

## II. ANALYSIS

Defendants argue the automatic stay provision under 11 U.S.C. § 362 should not apply to this case. For the following reasons, the Court does not agree.

Section 362 of Chapter 11 of the United States Code "operates as a stay, applicable to all entities, of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . and
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . ."[6]

The purpose of the automatic stay is to protect the creditors' interests as a whole by preserving remaining assets of the debtor's estate in order to provide orderly distribution amongst creditors and to protect debtors from harassment by their creditors. *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009).

---

[6] 11 U.S.C. § 362 (2006).

Defendants duly acknowledge that the primary purpose of an automatic stay is to preserve remaining assets of a debtor's estate to provide systematic liquidation. (Doc. # 55 at 5.) Nevertheless, Defendants cite three cases in support of their proposition that the stay does not apply; none are applicable to the case at hand. (*Id.* at 5-6.)

Defendants rely on *Rett White Motor Sales, Co. v. Wells Fargo Bank*, 99 B.R. 12 (N.D. Cal. 1989), for their proposition that "there simply is no language in Section 362(a) designed to stay actions initiated by the debtor." (Doc. # 55 at 5 (quoting *Rett White*, 99 B.R. at 15).). However, Defendants fail to note the following sentence: "Rather, there is language that specifies that *actions against the debtor* are those which should be halted." *Rett White*, 99 B.R. at 15.

Both parties make arguments regarding the balance of the 401(k) Plan, but the Court understands this issue to be resolved by the December 18, 2009 Order Regarding Distribution of James Glenn Durgan's 401(k) Balance. (Doc. # 49.) The language of the order to which they stipulated, as part of the settlement of the interpleader, permanently restrains Defendants from instituting or prosecuting any claim against Nortel for the current account balance of the 401(k) Plan. (Doc. # 49 at 7.) Therefore, the Court understands the interpleader action initiated by Nortel was resolved[7] by the December 18, 2009 Order.

The remaining counterclaims are: recovery of pension benefits, recovery of life insurance benefits, breach of fiduciary duties, and claims for attorney fees and costs.

---

[7] The interpleader also involved a pension plan which was terminated and, as discussed above, is now under the control of PBGC. (Doc. # 28 at 2.) With respect to the insurance policy involved in the original interpleader action, Prudential is the claims administrator and fiduciary with the responsibility of deciding claims for life insurance benefits. (Doc. # 28 at 11.)

These claims were initiated by the Traegdes *against* Nortel. The claims go directly against Nortel's assets, which are protected by the automatic stay. *See In re Johnson*, 575 F.3d at 1083 (stating the purpose of an automatic stay is to protect assets of the debtor to provide orderly distribution amongst creditors). Unless Defendants obtain an order from the Bankruptcy Court granting relief from the automatic stay, Defendants are precluded by the stay from pursuing, in this Court, their claims against Nortel.

Defendants' reliance on *Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc.*, 50 B.R. 25, 26 (S.D.N.Y. 1985), is misplaced. Although *Price* was also an interpleader action, the court determined that while the bankrupt debtor was named as a defendant in the interpleader, the debtor was actually functioning as a plaintiff because he was making claim to the interpled assets. The court determined that 11 U.S.C. § 362 did not apply because the interpleader action did not concern the possession of property held by the bankrupt defendants. *Id.* at 26. As the court explained, "the automatic stay provision normally applies to actions in which the bankrupt is a defendant." *Id.* Conversely, in this case, although Nortel was originally a plaintiff in the interpleader action, that action has been settled. With respect to Defendants' counterclaims, Nortel is in the status of a defendant, i.e., the counterclaims are asserted against Nortel, a bankrupt debtor.

Finally, the Court finds that the third case upon which Defendants rely, *Nat'l. Coop. Refinery Ass'n v. Rouse*, 60 B.R. 857 (D. Colo. 1986), is factually distinct and, thus, inapplicable to the instant case. In *National Cooperative*, two bankrupt parties claimed interpled assets, therefore the true owner had to be decided in order to determine which bankruptcy court had jurisdiction over the assets. *Id.* at 860. Judge

6

Kane noted the purpose of the automatic stay is to "reinforce the jurisdiction of the bankruptcy court over the debtor's assets and forestall the race to levy upon or make claims against the debtor's property with possibly inconsistent results." *Id.* at 859 (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 995 (5th Cir. 1985)).

### III. Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that:

1. Nortel Network, Inc.'s Renewed Suggestion of Bankruptcy and Motion to Stay All Proceedings (Doc. # 64) is GRANTED;

2. The above-captioned case is stayed until and unless relief from the automatic stay is obtained from the United States Bankruptcy Court for the District of Delaware (Case No. 09-10138);

3. This case will be administratively closed until such time as this Court is notified that the automatic stay is no longer in place, *e.g.*, relief from the stay has been granted or the bankruptcy case has been dismissed without the granting of a discharge of the claims of these Defendants. If no such notice is filed within one year of the date of this order, the counterclaims will be dismissed and the case will be closed; and

4. Beginning September 14, 2010, Nortel shall file a report regarding the status of its bankruptcy case on a quarterly basis.

DATED: June __14__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge